UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| **National Police Association, Inc.**; **Joseph J. Swantack, Jr.**, an individual; and **Christine M. Swantack**, an individual, <br><br> *Plaintiffs*, <br><br> v. <br><br> **New Albany Park Condominium Association Board of Directors**; and **Lifestyle Communities, Ltd.**, <br><br> *Defendants*. | Case No.: 1:22-cv-00237 |

**VERIFIED COMPLAINT FOR DECLARATIVE AND INJUNCTIVE RELIEF**

Plaintiffs National Police Association, Inc. ("**NPA**") and Joseph J. Swantack, Jr., and Christine M. Swantack (collectively, "**the Swantacks**") complain against Defendants as follows:

**Introduction**

1. This is a civil action, seeking declaratory and injunctive relief, arising under the United States Constitution for violation of the right to freedom of speech and expression.

1

2. This action concerns the suppression of NPA and the Swantacks' First Amendment rights to freedom of speech and expression through action by Defendants in preventing the Swantacks from flying the "Thin Blue Line" flag owned by NPA outside of the Swantacks' private residence.

### Jurisdiction and Venue

3. This court has jurisdiction under Article III, Section 2, of the United States Constitution, which permits federal courts to hear "all cases, in law and equity, arising under this Constitution, [and] the laws of the United States . . . ."

4. Venue is proper pursuant to 28 U.S.C. § 1391 because the events giving rise to this complaint occurred in this district.

### Parties

5. Plaintiff NPA is a registered 501(c)(3) educational organization incorporated in Indiana with a principal place of business in Noblesville, Indiana. Its mission is to educate supporters of law enforcement in how to aid police departments in accomplishing their goals and does so through mailings, national TV and radio public service announcements, legal filings on behalf of police officers and agencies, articles authored for NPA by law enforcement experts, book publishing, and a podcast. NPA is the owner of the "Thin Blue Line" flag ("the Flag") that the Swantacks wish to fly outside of their New Albany Park residence.

6. Plaintiffs Joseph J. Swantack, Jr. ("**Mr. Swantack**") and Christine M. Swantack ("**Mrs. Swantack**") owned and resided in a condominium in the New Albany Park Condominium Association during the time of the events which are the impetus for this action. The Swantacks flew a "Thin Blue Line" flag outside of their residence until Defendants assessed the Swantacks monetary penalties and threatened the Swantacks with additional legal action. The Swantacks wish to display the Flag owned by NPA as soon as they are legally permitted.

7. Defendant New Albany Park Condominium Association Board of Directors ("**the Board**") is the governing body of the New Albany Park Condominium Association. According to the New Albany Park website, the Board is currently comprised of Joshua Moore (President), Zach Hazlett (Secretary), Carlee Baumgardner (Treasurer), Jimmie Bryson, Blair Hartley, and Jeremy Xander.[1] The clubhouse for the New Albany Park Condominium Association is located at 5777 New Albany Road W, New Albany, Ohio, 43054.

8. Defendant Lifestyle Communities, Ltd. ("**LC**") is a property management company that manages the New Albany Park Condominium

---

[1] New Albany Park, http://www.newalbanyparkcondo.com/contact-us (last visited April 27, 2022).

**Verified Compl. for**
**Decl. and Inj. Relief**

3

Association. LC's principal place of business is located at 230 West Street, Suite 200, Columbus, Ohio, 43215.

## Facts

**A. The "Thin Blue Line" Flag**

9. The Swantack own and reside in a condominium in the New Albany Condominium Park. The Swantacks have resided in this condominium since approximately February of 2019.

10. On or about August of 2020, the Swantacks began flying a "Thin Blue Line" flag from the front porch of their private residence in the New Albany Condominium Park.

11. According to the "Thin Blue Line" website, "[t]he 'Thin Blue Line' American flag represents law enforcement and is flown to show support for the men and women who put their lives on the line every day to protect us. This flag is a sign for promoting compassion and support for our nation's police officers."[2]

12. The "Thin Blue Line" Flag is an otherwise black and white American flag with a single blue stripe located just below the star. *Id.*

---

[2] Thin Blue Line USA, https://www.thinbluelineusa.com/blogs/thin-blue-line-blog/what-is-the-thin-blue-line (last visited April 27, 2022).

**Verified Compl. for**
**Decl. and Inj. Relief**

13. The Swantacks chose to fly the "Thin Blue Line" flag outside of their private residence as an expression of their patriotism and their gratitude toward and honor for law enforcement.

14. Specifically, Mrs. Swantack served as a hospital corpsman in the United States Navy. She was on active duty from 1981 to 1986 and reserve from 1986 to 1992. Mr. Swantack intermittently contracts in a civilian capacity with the United States Department of Defense. His grandfather and father served in the United States military during World Wars I and II, respectively.

**B. Notice of Violation and Demand Letter from the Board and LC**

15. On or about July 16, 2020, the Swantacks received a notice of violation from LC on behalf of the New Albany Park Condominium Association advising that the Flag was not an "approved" flag and citing Article IX, Section 9.15 of the New Albany Park Condominium Association rules and regulations.[3] *See* First Notice of Violation, dated July 16, 2020, attached as Exhibit 1; New Albany Park Community Guidelines Handbook, Article IX, Section 9.15, attached

---

[3] Per Article IX, Section 9.15: "Residents may display the American Flag. All other flags/banners are prohibited with the exception of the State of Ohio flag, POW/MIA flag, Gold, Blue, and Silver Star Banners, military deployment banners, and team flags as designated below."

**Verified Compl. for**
**Decl. and Inj. Relief**

5

as Exhibit 2.

16. On or about August 30, 2021, on behalf of the New Albany Park Condominium Association, LC sent the Swantacks a second notice of violation. LC informed that a $50.00 enforcement assessment was charged to the Swantacks' account and that continued "violation" could result in loss of amenity access and/or legal action, but that the Swantacks had the "right to a hearing with the Board of Directors and Management" if they disputed the violation. *See* Second Notice of Violation, dated August 30, 2021, attached as Exhibit 3.

17. On or about September 2, 2021, Brad J. Terman, counsel for LC, sent a demand letter to the Swantacks advising that the Flag should be removed immediately, or Defendants would proceed with legal action against the Swantacks. *See* Demand Letter, dated September 2, 2021, attached as Exhibit 4 ("the Association will be forced to proceed with formal action to enforce the Declaration and rules.")

18. On or about September 17, 2021, on behalf of the New Albany Park Condominium Association, LC sent the Swantacks a third notice of violation. LC noted that a $100.00 enforcement assessment was charged to the Swantacks

account but added that the Swantacks were entitled to a hearing with the Board.[4] *See* Third Notice of Violation, dated September 17, 2021, attached as Exhibit 5.

19. On or about October 11, 2021, on behalf of the New Albany Park Condominium Association, LC sent the Swantacks a notification of an unpaid balance of $635.00. *See* Notification of Unpaid Balance, dated October 11, 2021, attached as Exhibit 6.

**C. The Swantacks' Request for a Meeting with the Board**

20. On or about October 11, 2021, Mrs. Swantack emailed Cody Curtis, LC Associations Manager ("Curtis"), to request copies of the demand letter and any other relevant documentation in the possession of the Board which referenced the Swantacks' flying the Flag at their private residence. Christine also advised that she was available to meet with the Board on October 18, 2021, in advance of the regularly scheduled Board meeting. *See* Email from Christine M. Swantack to Cody Curtis, dated October 11, 2021, attached as Exhibit 7.

21. On or about October 12, 2021, Curtis emailed Christine and advised

---

[4] "As required under Chapter 5311 and 5312 of the Ohio Revised Code, you have the right to a hearing with the Board of Directors to contest this violation if you have not already done so. To request a hearing, please deliver a written or emailed notice within ten (10) days after receiving this notice. After the hearing, the Board or its agent will deliver a written notice of resolution within thirty (30) days of the date of the hearing."

**Verified Compl. For**
**Decl. and Inj. Relief**

7

that the Board was unavailable to meet with the Swantacks on October 18, 2021, and that he would add the matter to the Executive Board meeting agenda to determine the availability of the Board to meet with the Swantacks. Curtis also stated that all correspondence and documentation had been previously sent directly to the Swantacks. *See* Email from Cody Curtis to Christine M. Swantack, dated October 12, 2021, attached as Exhibit 7.

22. On or about October 12, 2021, Christine requested an immediate stay on all pending and future "enforcement assessments" and "imposition of legal fees" until the Swantacks could virtually or physically meet with the Board. Christine also requested copies of invoices from LC's legal counsel. *See* Email from Christine M. Swantack to Cody Curtis, dated October 12, 2021, attached as Exhibit 7.

23. On or about October 20, 2021, in an effort to avoid the previously threatened legal action and any additional charges assessed or shifted to the Swantacks' account, Mr. Swantack emailed LC and the Board the following:

> This memo serves as advising you that Mrs. Christine Swantack, and I, will pay the accumulated fines and legal assessments that have been assessed and imposed on us, here at our residence [address redacted] by the end of the month [October] and that the 'Thin Blue Line' flag has been taken down. But, if Mrs. Swantack and I learn that we have a legal right to display the 'Thin Blue Line' flag in the future, we will place the

**Verified Compl. For**
**Decl. and Inj. Relief**

8

flag back.

*See* Email from Joseph J. Swantack, Jr., to the Board, dated October 20, 2021, attached as Exhibit 8.

24. On or about October 20, 2021, Mr. Curtis acknowledged receipt of this message and advised that recent legal fees (of which the Swantacks had no prior knowledge) from communications between Defendants' legal team and a local news station would also be charged to the Swantacks' account. *See* Email from Cody Curtis to the Swantacks, dated October 20, 2021, attached as Exhibit 8.

25. On or about November 5, 2021, Mr. Curtis emailed the Swantacks a statement dated November 5, 2021, which included a legal charge for expenses totaling $967.50, and a charge totaling $112.50. The period for each charge indicated "FLAG ENFORCEMENT" and "FLAG ENFORCEMENT 8.2.2021" respectively. *See* Statement for Christine Swantack, dated November 5, 2021, attached as Exhibit 9.

26. These legal expenses were assessed under Ohio Rev. Code § 5311.19(A), which permits fee-shifting when a homeowners' association seeks to commence a civil action for damages violation of the association's bylaws or guidelines. (*See* discussion *infra* Count I).

**Verified Compl. For**
**Decl. and Inj. Relief**

27. Enclosed with the statement were two letters addressed to the New Albany Park Condominium Association from Williams & Strohm, LLC, attorneys at law. The letters (dated August 2, 2021, and November 1, 2021) included a redacted breakdown of the legal expenses charged to the Swantacks, including a conferencing regarding "Joseph Swantack violation and options for proceeding," emailing the Swantacks and NPA, addressing media inquiries, and drafting a complaint for injunctive and monetary relief. *See* Williams & Strohm Legal Expenses Letter dated August 2, 2021, and November 1, 2021, attached as Exhibit 10.

28. Because the Swantacks were effectively prevented from flying the Flag, owned by NPA, in accordance with their right to freedom of speech through Defendants' action by shifting legal fees under Ohio Rev. Code § 5311.19(A) and threatening judicial enforcement, Defendants' action effectively chilled NPA and the Swantacks' right to freedom of speech.

29. NPA and the Swantacks wish for the Swantacks to fly the Flag owned by NPA outside of their private residence in accordance with both NPA and the Swantacks' First Amendment rights to freedom of speech and expression.

30. NPA and the Swantacks are suffering irreparable harm in not being

permitted to exercise their First Amendment rights to freedom of expression as described herein.

31. There is no adequate remedy at law.

**Count I - Violation of Right to Freedom of Expression (First Amendment)**

32. Plaintiffs allege and incorporate by reference all above facts and allegations.

33. The First Amendment of the United States Constitution prohibits abridgement of the freedoms of speech and expression.

34. The First Amendment is applied to the States through the Fourteenth Amendment.

35. The right to the freedom of speech under the First Amendment is not only secure from interference by governmental or public bodies, but under certain circumstances from interference by private actors as well.

36. Courts have found that in cases in which restrictive covenants prevent homeowners from exercising their right to free speech, judicial enforcement of such bylaws alone would constitute state action so as to bring those bylaws into the ambit of the First Amendment. (*See Lamprecht v. Tiara at the Abbey Homeowners Association*, No. 12-JE CC0027, 2013 WL 6144144 (Mo. Cir. Oct. 3, 2013)*; see*

**Verified Compl. For**
**Decl. and Inj. Relief**

*also Gerber v. Longboat Harbour N. Condo., Inc.*, 724 F. Supp. 884, 885 (M.D. Fla. 1989), *order vacated in part on reconsideration*, 757 F. Supp. 1339 (M.D. Fla. 1991) (court found state action by virtue of judicial enforcement of private agreements contained in a declaration of a condominium.)

37. By even greater force of logic, where there is both a threat of judicial enforcement of a condominium's bylaws and a statute enacted by the state which would be enforcing it, the bylaws are thereby brought into the ambit of the First Amendment.

38. The United States Supreme Court has held that in the context of civil actions involving private parties and common law claims that "the application of state rules in state courts in a manner alleged to restrict First Amendment freedoms constitutes 'state action' under the Fourteenth Amendment." *Cohen v. Cowles Media Co.*, 501 U.S. 663, 668 (1991).

39. Where state rules are applied in state courts in a manner which restricts First Amendment freedoms, there is action sufficient "to constitute 'state action' for purposes of the Fourteenth Amendment." *Bd. of Managers of Old Colony Village Condominium v. Preu*, 80 Mass.App.Ct. 728, 732 (2011); *see also Shelley v. Kraemer*, 334 U.S. 1, 20 (1948) ("State action. . . refers to exertions of

**Verified Compl. For**
**Decl. and Inj. Relief**

state power in all forms.").

40. When an action is brought claiming that breach of such actions amounted to conduct entitling a party to shift its costs under state statute, the restrictions are subject to scrutiny under the First Amendment. *Preu*, *supra*, 80 Mass.App.Ct. at 733.

41. Ohio Revised Code Section 5311.19(A) permits this shift in costs and provides the following:

> All unit owners, their tenants, all persons lawfully in possession and control of any part of a condominium property, and the unit owners association of a condominium property shall comply with all covenants, conditions, and restrictions set forth in a deed to which they are subject or in the declaration, the bylaws, or the rules of the unit owners association, as lawfully amended. Violations of those covenants, conditions, or restrictions shall be grounds for the unit owners association or any unit owner to commence a civil action for damages, injunctive relief, or both, and an award of court costs and reasonable attorney's fees in both types of action.

42. Because Defendants threatened legal action and judicial enforcement by the state court and shifted attorneys' fees to the Swantacks following threat of legal action, the restriction is subject to scrutiny under the First Amendment.

43. The rights of homeowners to display a political sign such as a flag is balanced against the property rights of a homeowners' association to ascertain whether a restriction is reasonable and enforceable. *See For a Better Twin Rivers v.*

**Verified Compl. For**
**Decl. and Inj. Relief**

13

*Twin Rivers Homeowners' Ass'n*, 929 A.2d 1060 (N.J. 2007); *see also Mazdabrook Commons Homeowners' Ass'n v. Khan*, 46 A.3d 507, 522 (N.J. 2012) (because a homeowners' association covenant that banned all signs except for for-sale signs was unreasonable and violated the state constitution, "the covenant that memorializes it is unenforceable.")

44. Because First Amendment protections are so strong for political speech inherent in residential flags, it cannot be reasonable for a homeowners' association to restrict such flags.

45. In preventing the Swantacks from displaying the Flag, Defendants have "restricted political speech, which lies at the core of our constitutional free speech protections." *Khan*, *supra*, 46 A.3d at 517. As the United States Supreme Court has recognized, "residential signs have long been an important and distinct medium of expression—'a venerable means of communication that is both unique and important.'" *Id*. at 518 (quoting *City of Ladue v. Gilleo*, 512 U.S. 43, 54-55 (1994)).

46. Allowing private residents like the Swantacks to display signs or flags outside of their home is important for the additional reason of the precise location; they connect the message directly to the speaker. *Id*.

**Verified Compl. For**
**Decl. and Inj. Relief**

47. Because Ohio Rev. Code § 5311.19(A) allows an action to be brought which claims that breach entitles a party to shift its costs, constituting state action, the restrictions are subject to strict scrutiny.

48. The content-based prohibition on political speech is unconstitutional.

49. Defendants infringed on the Swantacks' right to freedom of speech and expression in first restricting them from displaying their own "Thin Blue Line" flag and subsequently from preventing them from flying the Flag given to them by NPA to fly when legally permitted.

50. Defendants infringed on NPA's right to freedom of speech and speech in restricting the Swantacks' from displaying the Flag owned by NPA as NPA owns the Flag and the Flag is not being displayed.

## Prayer for Relief

**WHEREFORE**, Plaintiff request the following relief:

51. Declare Article IX, Section 9.15, of the New Albany Park Community Guidelines Handbook which prohibits NPA and the Swantacks from displaying the "Thin Blue Line" flag is unconstitutional under the First Amendment;

52. Enjoin Defendants from enforcing the provision in the Article IX, Section 9.15, of the New Albany Park Community Guidelines Handbook which

**Verified Compl. For**
**Decl. and Inj. Relief**

precludes the flying of the "Thin Blue Line" flag;

    53.    Enjoin Defendants from any acts of retaliation or further wrongdoing;

    54.    Award interest, costs, and reasonable attorney fees;

    55.    Grant any other relief this Court deems appropriate.

Respectfully submitted,

| | |
|---|---|
| James Bopp Jr,<br>IN Bar #2838-84*<br>*Lead Counsel for Plaintiffs*<br>Cassandra Dougherty,<br>CA Bar #336487*<br>*Counsel for Plaintiffs*<br>THE BOPP LAW FIRM, PC<br>1 South 6th Street<br>Terra Haute, Indiana 47807<br>Telephone: (812) 232-2434<br>jboppjr@aol.com<br>cdougherty@bopplaw.com<br>*Pro hac vice applications forthcoming | /s/   Rachel R. Citak<br>Rachel R. Citak,<br>OH Bar #99253<br>*Local Counsel for Plaintiffs*<br>RACHEL R. CITAK,<br>ATTORNEY AT LAW LLC<br>PO Box 54326<br>Cincinnati, OH 45254<br>Telephone: (513) 845-2121<br>rachel@citaklaw.com |

**Verified Compl. For**
**Decl. and Inj. Relief**